DAVID F. BEACH, ESQ. (SBN 127135)
DAPHNE A. BELETSIS, ESQ. (SBN 142006)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, CA 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorney for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PAULINE HERNANDEZ, | ) CASE No. |
|---|---|
| Plaintiff(s), | ) [ORIGINALLY SONOMA COUNTY SUPERIOR COURT, CASE NO. SCV-267595] |
| vs. | ) |
| COSTCO WHOLESALE CORPORATION; and DOES 1-100, INCLUSIVE, | ) Unlimited Civil Action |
| Defendant(s). | ) **NOTICE OF REMOVAL** |
| | ) (28 U.S.C. §§ 1332, 1441, 1446) |
| | ) Complaint Filed: December 23, 2020 |
| | ) Trial Date: Not Set |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendant COSCTO WHOLESALE CORPORATION (hereinafter "Costco") hereby removes the above action from the Superior Court of the State of California, County of Sonoma to the United States District Court, Northern District of California.

In support of removal, Defendant states the following grounds:

1. On December 23, 2020, Plaintiff Pauline Hernandez (hereinafter "Plaintiff") filed a lawsuit against Defendant in the Superior Court of the State of California, County of Sonoma, entitled *Hernandez v. Costco Wholesale Corporation*, *et al.*, Case Number SCV-267595. Plaintiff's Complaint asserts two causes of action against Defendant for Premises Liability and General Negligence. The Complaint asserts Plaintiff's right to recover "general, special, actual and compensatory damages" in excess of $25,000. Defendant is the only defendant in this action and

was served on December 30, 2020. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.

3. With her Complaint, Plaintiff served a Statement of Damages asserting general and special damages totaling $550,000. A true and correct copy of the Statement of Damages is attached hereto as **Exhibit B**.

4. Counsel for Defendant sought a stipulation that the amount in controversy did not exceed $75,000. Plaintiff's counsel responded, declining to stipulate. A true and correct copy of that communication between counsel is attached hereto as **Exhibit C**.

## Complete Diversity Exists

5. Plaintiff is an individual residing in Sonoma County, State of California. (Complaint, ¶1) Plaintiff completed a Member First Report of Incident listing an address in Santa Rosa, County of Sonoma, State of California. The Report[1] is attached as **Exhibit D**. Plaintiff is domiciled in California.

6. Defendant is a corporation incorporated in Washington State and headquartered in Washington State. It is therefore treated as a citizen of Washington State. (*Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93.)

7. Complete diversity existed at the time the lawsuit was filed in State Court and exists now as well. Complete diversity therefore exists for purposes of federal diversity jurisdiction.

## The Amount in Controversy Requirement is Satisfied

8. The Complaint in this matter did not include the amount of damages. However, Plaintiff's Statement of Damages asserts damages of $550,000, well in excess of the jurisdictional threshold of $75,000, and counsel for Plaintiff is unwilling to stipulate that the amount in controversy does not exceed $75,000.

9. While the amount in controversy meets the diversity jurisdictional threshold, Defendant reserves the right to refute any evidence Plaintiff proffers or will proffer in support of her claims.

---

[1] Redacted as to private information relating to Plaintiff.

**This Removal is Timely**

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(B)(1) which states, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

11. Defendant was served on December 30, 2020, making this Notice of Removal timely.

DATED: January 28, 2021

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP

By: *Daphne A Beletsis*
DAVID F. BEACH
DAPHNE A. BELETSIS
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# EXHIBIT A



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAULINE HERNANDEZ, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
12/23/2020 1:16 PM
Arlene D. Junior, Clerk of the Court
By: Alexandria Hankes, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Sonoma Superior Court-Hall of Justice
*(El nombre y dirección de la corte es):*
600 Administration Drive, Rm 107J
Santa Rosa, CA 95403

CASE NUMBER: *(Número del Caso):*
SCV-267595

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert L. Booker II, Esq.; Soheil Bahari, Esq.; 864 S. Robertson Blvd., 3rd Fl., Los Angles, CA 90035; 888-203-1422

DATE: 12/23/2020 1:16 PM **ARLENE D. JUNIOR**  Clerk, by *Alexandria Hankes*, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

Alexandria Hankes

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Costco Wholesale Corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
12/23/2020 1:16 PM
Arlene D. Junior, Clerk of the Court
By: Alexandria Hankes, Deputy Clerk

ROBERT L. BOOKER II, ESQ. (BAR NO. 232065)
SOHEIL BAHARI, ESQ. (BAR NO. 297162)
**CENTURY PARK LAW GROUP, APLC**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: Robert@CPLGLaw.com
Email: Soheil@CPLGLaw.com

Attorneys for Plaintiff
PAULINE HERNANDEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| PAULINE HERNANDEZ, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.:  SCV-267595<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1. Premise Liability<br>  2. General Negligence<br><br>**[DEMAND FOR TRIAL BY JURY]** |

Plaintiff PAULINE HERNANDEZ alleges as follows:

### PRELIMINARY ALLEGATIONS

1.      Plaintiff PAULINE HERNANDEZ (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Sonoma, State of California.

2.      Defendant COSTCO WHOLESALE CORPORATION, (hereinafter referred to as "Defendant") is, and at all times hereinafter mentioned was, a California company doing business in and with a principal place of business in the County of Sonoma, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendant does business in, purposefully avail itself of, or

otherwise reside within the State of California. Defendant is, and at all times herein mentioned was, one of the owners and/or managers of a certain property located at 1900 Santa Rosa Ave., Santa Rosa, CA 95407 (hereinafter referred to as "PREMISES").

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendant by such fictitious names, and Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants, and each of them, were acting on their own behalf and as the agents, employees and representatives of each other and of DOES 1 through 100, inclusive, (collectively referred to hereinafter as "Defendant") and were and are at all times relevant hereto acting within the scope and authority of such agency and employment and with the knowledge, consent, approval and ratification of each of the named defendants and of DOES 1 through 100, inclusive.

5. Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one defendant resides in this judicial district.

6. Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $25,000.00.

## FIRST CAUSE OF ACTION

## PREMISES LIABILITY – AGAINST ALL DEFENDANTS

7. Plaintiff hereby re-alleges, reiterates and incorporates by reference the allegations of Paragraphs 1 through 6 of this Complaint as though fully set forth herein.

8. At all times mentioned herein, Defendant and/or DOES 1 through 100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

9. On or about September 18, 2019, Plaintiff was lawfully within the

COMPLAINT FOR DAMAGES

PREMISES. Specifically, Plaintiff was shopping at the PREMISES when Plaintiff slipped and fell onto the floor caused by a dangerous condition, particularly liquid and/or food substance on the floor that was not open and obvious to Plaintiff.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiff is informed, believes and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants', and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

**COMPLAINT FOR DAMAGES**

14. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in excess of the jurisdictional amount.

## SECOND CAUSE OF ACTION

## GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS

15. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 14, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

16. Plaintiff is informed and believes, and hereon alleges, that Plaintiff was further injured due to negligent acts or omissions by agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to

set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

### PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2. For lost earnings and earning capacity, past and future, according to proof;

3. For an award of the costs incurred by Plaintiff in bringing and maintaining this action; as well as

4. For such other and further relief which this Court deems just and proper.

DATED: December 22, 2020                    **CENTURY PARK LAW GROUP,**
                                            **A Professional Law Corp.**

                                            By:_____
                                            ROBERT L. BOOKER II
                                            SOHEIL BAHARI
                                            Attorneys for Plaintiff
                                            PAULINE HERNANDEZ

COMPLAINT FOR DAMAGES

# EXHIBIT B

ROBERT L. BOOKER II, ESQ. (BAR NO. 232065)
SOHEIL BAHARI, ESQ. (BAR NO. 297162)
**CENTURY PARK LAW GROUP, APLC**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: Robert@CPLGLaw.com
Email: Soheil@CPLGLaw.com

Attorneys for Plaintiff
PAULINE HERNANDEZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SONOMA – UNLIMITED**

| | |
|---|---|
| PAULINE HERNANDEZ, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S STATEMENT OF DAMAGES** |
| COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

**TO THE DEFENDANTS AND TO THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN to the Defendants herein, and through attorneys of record, that Plaintiff PAULINE HERNANDEZ claims the following special and general damages:

1. **SPECIAL DAMAGES:**   $150,000.00
2. **GENERAL DAMAGES:**   $400,000.00

///

///

PLAINTIFF'S STATEMENT OF DAMAGES

DATED: December 22, 2020

**CENTURY PARK LAW GROUP,**
**A Professional Law Corp.**

By: _____
ROBERT L. BOOKER II
SOHEIL BAHARI
Attorneys for Plaintiff
PAULINE HERNANDEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

# EXHIBIT C

# Vanessa N. Kinney

| | |
|---|---|
| **From:** | Joana Fang <joana@cplglaw.com> |
| **Sent:** | Wednesday, January 20, 2021 11:57 AM |
| **To:** | Daphne A. Beletsis |
| **Cc:** | Robert L. Booker II; David F. Beach; Dorian L. Stansberry; Vanessa N. Kinney; PaulineHernandez19375@projects.filevine.com |
| **Subject:** | Re: Hernandez v. Costco |

**[EXTERNAL EMAIL]**

Hi Daphne,

Ms. Hernandez is currently still treating. As a result, we cannot stipulate at this time.

Thank you,
Joana

On Wed, Jan 20, 2021 at 9:58 AM Daphne A. Beletsis <Beletsis@perrylaw.net> wrote:

> Joana and Robert,
>
> Can you let me know if a decision has been made whether to enter into the proposed stipulation regarding value to avoid a motion to remove the case to federal court? A copy is attached for convenienece.
>
> Thanks,
>
> Daphne
>
> **From:** Robert L. Booker II <robert@cplglaw.com>
> **Sent:** Thursday, January 14, 2021 12:57 PM
> **To:** Daphne A. Beletsis <Beletsis@perrylaw.net>
> **Cc:** David F. Beach <beach@perrylaw.net>; Dorian L. Stansberry <Stansberry@perrylaw.net>; Vanessa N. Kinney <Kinney@perrylaw.net>; Joana Fang <joana@cplglaw.com>; PaulineHernandez19375@projects.filevine.com
> **Subject:** Re: Hernandez v. Costco
>
> **[EXTERNAL EMAIL]**
>
> Dear Counsel - Please note that this case is assigned to Ms. Joana Fang as the associate primary handling attorney, so please remove Mr. Soheil Bahari from your service lists. I included Ms. Fang in this email for your convenience. We will get back to you regarding this stipulation shortly.

1

Thanks & take care.



**Robert L. Booker II, Esq.**
**Partner at Century Park Law Group**

- T. 888.203.1422  •  F. 888.203.1424  •  robert@cplglaw.com  •  864 S. Robertson Blvd., 3rd Fl., Los Angeles, CA 90035  •  71 Stevenson St., Suite 400, San Francisco, CA 94105  •  1901 Harrison St., Suite 1100, Oakland, CA 94612  •  www.centuryparklawgroup.com



This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are prohibited from using, copying or disclosing, to anyone, this message or any information contained in this message. If you have received this message in error, please contact the sender immediately at (888) 203-1422 and delete all copies of this message.



On Thu, Jan 14, 2021 at 12:15 PM Daphne A. Beletsis <Beletsis@perrylaw.net> wrote:

Counsel;

This office has been retained to represent Costco in this matter. As we did with your office on Dao v. Costco, we seek a stipulation to a claim value of $75,000 to avoid removal to Federal Court.   I attach a proposed stipulation for your review. If it meets with your approval, please sign and return. Please let me know your position by close of business next Wednesday, 1/20.21 in light of the responsive pleading due date of 1.29.21.

Thanks,

Daphne


**Daphne A. Beletsis**
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP
438 First Street., 4th Floor
Santa Rosa, CA 95401
Tel: (707) 525-8800 Fax: (707) 545-8242
Email: beletsis@perrylaw.net Website www.perrylaw.net

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

--



**Joana Fang**
**Associate Attorney at Century Park Law Group**

• T. 888.203.1422 • F. 888.203.1424 • joana@cplglaw.com • 864 S. Robertson Blvd., 3rd Fl., Los Angeles, CA 90035 • www.centuryparklawgroup.com

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are prohibited from using, copying or disclosing, to anyone, this message or any information contained in this message. If you have received this message in error, please contact the sender immediately at (888) 203-1422 and delete all copies of this message.

# EXHIBIT D

ML NUMBER_____

**COSTCO WHOLESALE CORP.**   WAREHOUSE LOC. # __41__
MEMBER FIRST REPORT OF INCIDENT TO BE FILLED OUT BY MEMBER ONLY
(Do Not Complete on Behalf of Member)

1. Name: Pauline Hernandez
   If Minor, Parent/Guardian: _____
2. Date of Birth: [redacted]   Email Address: [redacted]
3. Your address (Please include city and zip code): [redacted] Santa Rosa, CA [redacted]

4. Home Phone: ( ) _____   Work Phone: ( ) _____   Cell Phone: [redacted]
5. Employer: Retired   City: _____
   Occupation / Job Title: _____
6. Are you a Costco Member? Yes ✓   No ___   Membership # [redacted] 5159
   If you are a guest of Costco, please identify Costco member who accompanied you:
   Name: _____   Membership #: _____   Telephone No.: ( ) _____
7. Incident date: _____   Time incident occurred: _____
8. Description of Incident: I was walking slipped on grapes on floor, my ei left leg went under landed on my right knee. I graved the cart to break the fall. My body twisted + I fell to the floor.
9. Did anyone witness the incident: YES _X_   No ___   IF YES, PLEASE GIVE:
   Name: Member - No - Name   Address/Phone No.: _____
   Name: Chris Woods = Employee   Address/Phone No.: _____
   Name: _____   Address/Phone No.: _____
10. Was a Costco employee involved in the incident? YES ___   NO ✓   If Yes, Who? _____
    Employee Name: _____
11. Was anyone injured: YES ___   NO ___   If Yes, Who? _____
    Please describe (injury, illness, property damage): _____
12. Do you intend to seek medical treatment? YES ___ (NO)   If yes, name of doctor or hospital: _____
    Maybe

MEMBER SIGNATURE   DATE   TIME

DISTRIBUTION:   White Copy: RETAIN AT WAREHOUSE
Yellow Copy: REGIONAL MANAGER
Pink Copy: MEMBER (UPON REQUEST)

FORM# SF03  03/12

23

# PROOF OF SERVICE
*Pauline Hernandez v. Costco Wholesale Corporation, Inc.*

STATE OF CALIFORNIA, COUNTY OF SONOMA

I, the undersigned declare:

I am over the age of eighteen (18) years and not a party to the within action. I am an employee of Perry, Johnson, Anderson, Miller, & Moskowitz, LLP's and my address is 438 First Street, 4th Floor, Santa Rosa, California 95401, which is located in the County of Sonoma.

On the date below indicated, I served on the interested parties in this action the within documents described as:

- **NOTICE OF REMOVAL**

  **X**   **(BY ELECTRONIC SERVICE)  CCP § 1010.6(a)(6))**  *On January 28, 2021 based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused such documents described herein to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.*

Robert L. Booker, II
Joana Fang
Century Park Law Group, APLC
864 S. Robertson Blvd., 3rd Floor
Los Angeles, CA 90035
Robert@CPLGLaw.com
joana@CPLGLaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on January 28, 2021 at Santa Rosa, California.

   Vanessa Kinney                                                    V. Kinney