1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6

7   PAULINE HERNANDEZ,                        Case No. 21-cv-00686-HSG
8                    Plaintiff,               **ORDER DENYING MOTION FOR**
                                              **SUMMARY JUDGMENT**
9            v.                               Re: Dkt. No. 31
10  COSTCO WHOLESALE CORPORATION,
11                   Defendant.
12

13          Pending before the Court is Defendant Costco Wholesale Corporation's motion for

14  summary judgment.  Dkt. No. 31.  The Court finds this matter appropriate for disposition without

15  oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed

16  below, the Court **DENIES** the motion without prejudice under Rule 56(d)(1).

17  **I.    BACKGROUND**

18          Plaintiff Pauline Hernandez initially filed this slip and fall case in Sonoma County

19  Superior Court.  *See* Dkt. No. 1, Ex. A ("Compl.").  Defendant removed this action on January 28,

20  2021, on the basis of diversity jurisdiction.  *See* Dkt. No. 1.  Plaintiff alleges that in September

21  2019 she slipped and fell while at Costco in Santa Rosa, causing "mental, physical and nervous

22  pain and suffering" as a result.  *See* Compl. at 3.  According to Plaintiff, there were grapes on the

23  floor that caused her to slip.  *See* Dkt. No. 31-1, Ex. A ("Hernandez Depo.") at 32:11–21.  Based

24  on this incident, Plaintiff brings causes of action for negligence and premises liability.  *See* Compl.

25  at 2–5.

26          In its motion for summary judgment, Defendant contends that Costco employees conduct

27  floor inspections of the store on an hourly basis.  *See* Dkt. No. 31-2 ("Jarzombek Decl.") at ¶¶ 2–6.

28  On the day of the incident, Costco asserts that its records show that an employee conducted an

United States District Court
Northern District of California

United States District Court
Northern District of California

1 inspection within 30 minutes before Plaintiff fell, and the employee did not see any grapes on the

2 floor. *See id.* at ¶¶ 3-4, & Ex. A; Dkt. No. 31-4 ("Cambron Decl.") at ¶¶ 4–6. Defendant thus

3 urges that it did not have actual or constructive notice of the grapes on the floor prior to Plaintiff's

4 fall. *See* Dkt. No. 31 at 5–8; Jarzombek Decl. at ¶¶ 8–9. Defendant further argues that the grapes

5 on the floor were an open and obvious condition that Plaintiff should have seen if she had

6 exercised reasonable care. *See* Dkt. No. 31 at 8–9.

## II.   DISCUSSION

8       In response to Defendant's motion for summary judgment, Plaintiff contends that she has

9 not had the opportunity to take sufficient discovery to respond to the motion. *See* Dkt. No. 36.

10       At summary judgment, where "a nonmovant shows by affidavit or declaration that, for

11 specified reasons, it cannot present facts essential to justify its opposition," a court may "defer

12 considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). A party seeking relief under Rule

13 56(d) must show "(1) that they have set forth in affidavit form the specific facts that they hope to

14 elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are

15 essential to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dept. of Toxic*

16 *Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). Plaintiff must have also

17 diligently pursued the requested discovery. *See Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995).

18       The Court finds that Plaintiff has adequately detailed the reasons she is unable to present

19 evidence to properly address the claims raised in the present motion for summary judgment.

20 Plaintiff has not yet taken the depositions of any of Defendant's witnesses, and they are not

21 scheduled to occur until February 28, 2022. *See* Dkt. No. 36 at 3. These depositions include the

22 three Costco employees who provided declarations in support of Defendant's motion for summary

23 judgment: Chris Jarzombek, the Assistant General Manager for the Santa Rosa Costco who

24 details the store's policies and practices of conducting hourly floor walks; Eric Gonsalves, a

25 manager at Costco who investigated Plaintiff's fall; and Morgan Cambron, an employee at Costco

26 who conducted the last floor walk before Plaintiff's fall. *See generally* Jarzombek Decl.; Cambron

27 Decl.; Dkt. No. 31-3 ("Gonsalves Decl."); *see also* Dkt. No. 37 at 2–3. Their declarations are

28 integral to Defendant's motion, and Plaintiff's need to take their depositions is readily apparent.

These employees' depositions are relevant to Plaintiff's ability to raise a genuine issue of material fact as to whether Defendant had actual or constructive notice of the grapes on the floor. *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1207 (Cal. 2001) ("The owner must inspect the premises or take other proper action to ascertain their condition, and if, by the exercise of reasonable care, the owner would have discovered the condition, he is liable for failing to correct it.").

The Court also has no reason to believe that Plaintiff failed to pursue these depositions diligently. At the parties' request, the Court entered a scheduling order in which the dispositive motion hearing deadline was before the close of discovery. *Compare* Dkt. No. 23, *with* Dkt. No. 24. Thus, the close of discovery is not until March 28, 2022. *See* Dkt. No. 24. Plaintiff has noticed the depositions of Defendant's witnesses for February 28, 2022—before the close of discovery. *See* Dkt. No. 36 at 3. There is simply no basis for the Court to find that Plaintiff has failed to pursue this discovery diligently when fact discovery does not close for another two months. Moreover, in the interim, Plaintiff has engaged in other discovery. The site inspection occurred on October 13, 2021, and Plaintiff served written discovery shortly thereafter. *See id.*; *see also* Dkt. No. 37 at 3. Defendant did not serve its responses, however, until December 20, *after* it filed its motion for summary judgment. *See* Dkt. No. 36 at 3. It is reasonable for Plaintiff to want time to review Defendant's discovery responses before taking the depositions of Defendant's witnesses.

//
//
//
//
//
//
//
//
//
//

The Court entered the case schedule (unorthodox as it is) at the parties' mutual request. But it was an extremely poor use of the Court's and the parties' time and resources for Defendant to file a motion for summary judgment before the close of fact discovery.  In the interests of fairness and efficiency, and to ensure that a full record is made, the Court in its discretion **DENIES** the motion for summary judgment under Rule 56(d)(1), but without prejudice to renewal once discovery is complete.  The Court cautions the parties, however, that the case schedule remains in effect, and the Court is not inclined to continue the pretrial or trial dates to accommodate a second motion for summary judgment.

**IT IS SO ORDERED.**

Dated:  1/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4