UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULINE HERNANDEZ,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 21-cv-00686-HSG

**ORDER DENYING MOTION TO CONFIRM DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES AND REPORTS IS TIMELY**

Re: Dkt. No. 61

Pending before the Court is Defendant Costco Wholesale Corporation's motion to confirm that its disclosure of expert witnesses and reports is timely. Dkt. No. 61. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

In March 2022, the Court adopted the parties' proposed scheduling order, which set June 20, 2022, as the deadline to exchange opening expert reports. *See* Dkt. No. 55. Defendant states that its offices were closed for the national Juneteenth holiday that day, so it did not serve its expert report until the following day. *See* Dkt. No. 61 at 2–3. Defendant asks the Court to announce that its expert report was timely. *Id.* But Plaintiff has not filed any motion under Federal Rule of Civil Procedure 37 for sanctions based on the timing of Defendant's expert report. Rather, Defendant appears to request that the Court preemptively decide an unraised Rule 37 motion. Then Plaintiff's opposition, for its part, appears to try to reactively make a *de facto* Rule 37 argument it did not affirmatively and specifically raise in a motion in limine or anywhere else, and adds complaints about *other* disclosures, all of which is improper.

It is unclear what the legal basis is for the order Defendant seeks, and this dispute is not well taken or a good use of the Court's time. The motion is thus **DENIED**, because the Court is

United States District Court
Northern District of California

not in the business of signing off on the details of the parties' discovery productions.

That said, the Court can say without hesitation that a Rule 37 motion would be plainly unwarranted under the circumstances. Defendant's expert report was served (at most) one day late, and the parties still had ample time for discovery. Defendant served the report two weeks before the deadline for rebuttal reports and approximately two months before the close of expert discovery. There is simply no prejudice here. The Court also has no reason to believe that Defendant missed the deadline in bad faith. The arguments in Plaintiff's opposition are weak and not credible given the reality that what is at issue is a one-day delay.

All in all, the parties could and should have readily resolved this uncompelling dispute on their own. The Court expects the parties to weed out these sorts of squabbles with pragmatism and collaboration, not formalism and sharp practice, and without the need for Court intervention going forward.

**IT IS SO ORDERED.**

Dated: 8/19/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge